UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Carl Jackson,

    Plaintiff,

v.

Union Pacific Railroad Co.,

    Defendant.

Case No. 0:20-cv-1039 (WMW/KMM)

**ORDER**

---

On June 23, 2021, the Court held a telephonic informal dispute resolution conference to address some ongoing disagreements with the discovery in this matter. [Minutes, ECF No. 27]. Specifically, Defendant Union Pacific Railroad Co. (Union Pacific) challenged Plaintiff Carl Jackson's refusal to provide access to his tax returns, and Mr. Jackson challenged Union Pacific's intention to limit the subject matter to be covered at an upcoming deposition of its current medical director, Dr. Laura Gillis. The Court received letters from each side detailing their respective positions and then held the telephonic conference. After hearing arguments from counsel, the Court ruled on both issues during the conference and captured those rulings in its minutes. [ECF No. 27]. Counsel for Union Pacific has advised that they intend to appeal both decisions to the district judge. This Order is therefore being issued to provide a more detailed record for appeal than that contained in the minutes from the IDR conference.

**Tax Returns**

Union Pacific seeks Mr. Jackson's tax returns so that it can assess his income, for the purpose of challenging the damages he claims to have sustained due to his termination. Union Pacific argues that such documents put all of his income in an easy-to-read format, making their damages analysis more efficient. According to his counsel, Mr. Jackson has already provided all of his W-2s and 1099s, and has offered full access to the file that documents the disability benefits he has received, though he disputes that such benefits could offset his wage-loss damages. Mr. Jackson's counsel has averred, as an officer of the court, that there is no other income and therefore further discovery is unnecessary. Mr. Jackson does not want to provide his tax returns because he alleges that they contain substantial private information that is not relevant to any issues in this case. Counsel further argues that although parties often turn over tax returns without dispute, that does not automatically entitle the defendant to receive them in every case.

The Court concludes that Mr. Jackson does not need to disclose his tax returns. Specifically, as the Court explained during the IDR conference, there is no basis to find that Mr. Jackson or his counsel have withheld relevant income information. Nor is there a suggestion that the information the Mr. Jackson already provided or offered access to was inaccurate or incomplete. And, crediting that tax returns could indeed reveal personal and irrelevant information, the Court concludes that they need not be

disclosed. At most, the tax returns would be cumulative of the discovery already provided, while exposing additional information of a potentially personal nature. *See* Fed R. Civ. P. 26(b)(2)(C)(i). The Court therefore declines to Order their disclosure.

**Deposition**

The second issue raised during the IDR conference was whether Union Pacific could place limitations on the deposition of its current medical director, Dr. Gillis. Union Pacific seeks an advance ruling from the Court that Mr. Jackson should not be able to inquire into Union Pacific's treatment of other people who, like Mr. Jackson, had been removed from work due to risk of incapacitation. Specifically, Mr. Jackson is alleging that he was wrongly removed from work under Union Pacific's "fitness-for-duty" policy, and he wants to inquire into whether, after Dr. Gillis took over as medical director, the railroad had permitted other people with similar conditions to return to work while improperly keeping him from doing so. Union Pacific argues that seeking such potential "comparator" evidence would necessitate additional discovery so that it could refute any allegation that it allowed other, similarly situated employees to return to work.

As explained during the IDR conference, the Court declines to preclude plaintiff's counsel from inquiring into the subject at issue. Specifically, Mr. Jackson's counsel should be able to ask questions related to the small number of other relevant cases of which he is aware in which employees who had been removed from service for

3

reasons arguably similar to Mr. Jackson and had later been allowed to return. For several reasons, the Court rejects Union Pacific's efforts to preclude this questioning at the deposition. First, Union Pacific has not argued that the questions would reveal privileged information, nor that the inquiry is for an improper purpose, as would preclude such lines of inquiry. Second, relevance objections at depositions are generally disfavored, and the Court sees no reason to preclude an entire non-privileged, relevant topic from inquiry. Whatever Dr. Gillis's eventual testimony, the topic at issue is, as the rule contemplates, relevant to claims or defenses in this case and proportional to its needs. Fed R. Civ. P. 26(b)(1). This case involves Union Pacific's treatment of Mr. Jackson and its decisions with respect to his employment, and Mr. Jackson alleges that Dr. Gillis bears some responsibility for Union Pacific not allowing him to return to work. Under the liberal scope of Rule 26(b), the Court concludes that Dr. Gillis's treatment of the employees Mr. Jackson identifies is therefore a relevant topic and "reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The Court also notes that simply allowing Mr. Jackson to explore these issues during a deposition does not automatically lead to additional document discovery or require production of additional records. Finally, the Court observes that discovery into the employer's treatment of other employees is generally allowed in employment discrimination cases, and there has been no

suggestion that Mr. Jackson seeks to explore an unreasonable number of other employees or engage in a substantially over-broad inquiry.

For these reasons, the Court concludes that Union Pacific has not supported its request to preclude inquiry into a relevant, non-privileged topic at the upcoming deposition.

**IT IS SO ORDERED.**

Date: June 28, 2021

s/ *Katherine Menendez*
Katherine Menendez
United States Magistrate Judge